1   TYSON E. MARSHALL (BAR NO. 222488)
    tmarshall@madcatz.com
2   MAD CATZ, INC.
    10680 Treena Street, Suite 500
3   San Diego, CA 92131
    Telephone:   (858) 790-5008
4   Facsimile:   (858) 790-5018

5   Attorney for Defendant
    MAD CATZ, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  PERFORMANCE DESIGNED              Case No.: 16-CV-0629-GPC-RBB
    PRODUCTS LLC,
12  a California limited liability company,   **MEMORANDUM OF POINTS
                                              AND AUTHORITIES IN
13                 Plaintiff,                 SUPPORT OF MAD CATZ,
                                              INC.S' MOTION TO DISMISS
14       v.                                   COMPLAINT FOR PATENT
                                              INFRINGEMENT PURSUANT
15  MAD CATZ, INC.,                           TO FED. R. CIV. P. 12(b)(6)**
    a Delaware corporation, and
16                                            ***Oral Argument Requested***
    DOES 1-10, inclusive,
17                                            Date:   June 24, 2016
                   Defendants.                Time:   1:30 p.m.
18                                            Ctrm:   2D
                                              Judge: Hon. Gonzalo. P. Curiel
19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

<u>Page</u>

TABLE OF AUTHORITIES .........................................................................ii

I.   INTRODUCTION ............................................................................ 1

II.   FACTUAL BACKGROUND ............................................................ 3

III.   ARGUMENT..................................................................................... 4

    A.   Governing Principles Of Law ................................................ 4

        1.   Failure To State A Claim Upon Which Relief Can Be Granted........................................................................ 4

        2.   Pleading Design Patent Infringement ............................. 6

        3.   Design Patent Infringement Claims Routinely Are Dismissed At The Pleading Stage ................................. 8

    B.   Plaintiff's Complaint Should Be Dismissed For Failure To State A Plausible Claim For Design Patent Infringement ..................................... 9

        1.   The Accused Product Is Dissimilar From the Claimed Design....... 9

        2.   Prior Art Highlights The Dissimilarity Between The Accused Product And The Claimed Design................................. 12

    C.   Plaintiff Should Not Be Given Leave to Amend ................................. 14

IV.   CONCLUSION ................................................................................ 14

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

CASES

4

*Anderson v. Kimberly-Clark Corp,*
5
    C12-1979RAJ, 2013 WL 9760040 (W.D. Wash. Sept. 25, 2013) ......................6

6

*Anderson v. Kimberly-Clark Corp,*
7
    570 Fed. Appx. 927 (Fed. Cir. 2014)..................................................................8

8

*Apple, Inc. v. Samsung Elecs. Co., Ltd.,*
    11-CV-01846-LHK, 2012 WL 3071477 (N.D. Cal. July 27, 2012) ...................6
9

10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...........................................................................................4
11

12

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.,*
    No. C 11-04049 JW, 2012 WL 1030031 (N.D. Cal. Mar. 22, 2012)..................8

13

*Bell Atl. Corp. v. Twombly,*
14
    550 U.S. 544 (2007)........................................................................................ 4-5

15

*Colida v. Nokia, Inc.,*
16
    No. 2009-1326, 2009 WL 3172724 (Fed. Cir. Oct. 6, 2009) ..............................8

17

*Competitive Edge, Inc. v. Staples, Inc.,*
18
    763 F. Supp. 2d 997 ..........................................................................................8

19

*Crocs, Inc. v. Intl. Trade Commn.,*
20
    598 F.3d 1294 (Fed. Cir. 2010) ..................................................................... 6-8

21

*Doe I v. Wal-Mart Stores, Inc.,*
    572 F.3d 677 (9th Cir. 2009) .............................................................................5
22

23

*Egyptian Goddess, Inc. v. Swisa, Inc.,*
    543 F.3d 665 (Fed. Cir. 2008) .................................................................*passim*

24

*Elmer v. ICC Fabricating, Inc.,*
25
    67 F.3d 1571 (Fed. Cir. 1995) ..........................................................................6

26

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.,*
27
    796 F.3d 1312 (Fed. Cir. 2015) ........................................................................8

28

ii

*Great Neck Saw Mfrs., Inc. v. Star Asia, U.S.A., LLC*,
    727 F. Supp. 2d 1038 (W.D. Wash. 2010) ..................................*passim*

*Hoganas AB v. Dresser Indus., Inc.*,
    9 F.3d 948 (Fed. Cir. 1993) ...................................................... 6

*In re Mann*,
    861 F.2d 1581 (Fed. Cir. 1988) ................................................ 6

*Leadsinger, Inc. v. BMG Music Publ'g*,
    512 F.3d 522 (9th Cir. 2008) .................................................. 14

*MyMedicalRecords, Inc. v. Jardogs, LLC*,
    1 F. Supp. 3d 1020 (C.D. Cal. 2014). ...................................... 8

*OddzOn Prods., Inc. v. Just Toys, Inc.*,
    122 F.3d 1396 (Fed. Cir. 1997). .............................................. 7

*Parker v. Kimberly-Clark Corp.*,
    11 C 5658, 2012 WL 74855 (N.D. Ill. Jan. 10, 2012) ............... 6

*Parrino v. FHP, Inc.*,
    146 F.3d 699 (9th Cir. 1998) ................................................... 5

*Pepitone v. Am. Standard, Inc.*,
    983 F.2d 1087 (Fed. Cir. 1992) ............................................... 6

*Robert Bosch Healthcare Sys., Inc. v. Express MD Sols., LLC*,
    C 12-00068 JW, 2012 WL 2803617 (N.D. Cal. July 10, 2012) .......... 8

*SCG Characters LLC v. Telebrands Corp.*,
    CV-15-00374 DDP (AGRx), 2015 WL 4624200 (C.D. Cal. Aug. 3, 2015) ........ 8

*Seirus Innovative Accessories, Inc. v. Cabela's, Inc.*,
    827 F. Supp. 2d 1150 (S.D. Cal. 2011) .................................... 14

*Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l.*,
    957 F. Supp. 2d 1189 (S.D. Cal. 2013) ..................................... 8

*Spreewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ................................................... 5

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ............................................... 5-6

iii

1

**RULES**

2

Fed. R. Civ. P. 8(a)(2) .................................................................................... 4

3

Fed. R. Civ. P. 12(b)(6) ............................................................................... 5-6

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

The scope of a design patent is extremely narrow — it is limited entirely to the ornamental features illustrated in the patent's drawings.  A design patent is infringed then only if the *overall appearance* of an accused product is *substantially the same* as the patented design as a whole.  In other words, there can be no design patent infringement unless an ordinary observer, familiar with the prior art, would be deceived into thinking the accused product is the same as the patented design.  Plaintiff does not and cannot meet this standard because Mad Catz, Inc.'s ("Mad Catz") Accused Product bears no resemblance whatsoever to the design claimed (the "Claimed Design") by U.S. Patent No. D624,078 ("the 'D078 Patent").[1]

The Federal Circuit's test for design patent infringement is a simple side-by-side view comparison of the drawings contained in the asserted patent and photographs depicting the accused product.  As shown herein, such a comparison reveals that the Accused Product lacks at least the following prominent ornamental features that contribute to the overall appearance of the Claimed Design:  the Claimed Design is bulbous, its sides are curved and round, its bottom line is arched, its top line angles up and then indents inward, its extension handgrips are curved and round, its left handgrip is significantly longer than its right handgrip, its right handgrip extends only slightly from the body, and its face and underside are uniformly flat.

'D078 Patent – Figure 2                     Accused Product



<hr>

[1] The 'D078 Patent is attached as Exhibit A to the Declaration of Tyson E. Marshall in Support of Mad Catz' Motion to Dismiss ("Marshall Decl.").

1

1  (*Compare* Marshall Decl. ¶ 1, Ex. A *with id.* ¶ 4, Ex. C; *see also* Complaint for Patent

2  Infringement (ECF No. 1) ("Complaint") ¶ 11.)  These characteristics are

3  unequivocally defined by the solid lines of the seven drawings of the 'D078 Patent.

4         By contrast, the Accused Product is boxy, the sides are straight and angled, the

5  bottom is flat, the top is flat and not indented, the extension handgrips are squared, the

6  left handgrip is only slightly shorter than the right handgrip, the right handgrip extends

7  significantly from the body, the face slopes downward at the handgrips, and the

8  underneath is not flat.  Even this cursory comparison is sufficient to conclude that an

9  ordinary observer would never believe that the Accused Product is the same as that of

10 the Claimed Design.  Thus, Plaintiff's infringement allegation not only is implausible,

11 but impossible.

12        Not surprising then, Plaintiff does not assert any factual allegations sufficient to

13 raise even an inference of purported similarity between the Accused Product and the

14 Claimed Design.  Instead, Plaintiff bases its infringement claim on a single, conclusory

15 allegation that Mad Catz has infringed the 'D078 Patent simply by manufacturing the

16 Accused Product.  Yet, other than both items being video game controllers — a

17 functional aspect outside the scope of the 'D078 Patent and wholly irrelevant —

18 Plaintiff can show no demonstrated similarity between the appearance of the Accused

19 Product and the Claimed Design.  Plaintiff's conclusory allegations alone are

20 insufficient to plead properly its claim.  Therefore, the Complaint should be dismissed

21 because it fails to state a plausible claim and does not contain facts sufficient to allow

22 the Court to draw any reasonable inference that Mad Catz is liable for infringement.

23 Leave to amend the Complaint would be futile, as no amendment can overcome the

24 plain and fatal differences easily apparent between the Accused Product and the

25 Claimed Design.

26

27

28

## II.   FACTUAL BACKGROUND

For over 20 years, Mad Catz has manufactured innovative video game controllers and peripheral input devices for playing video games.  (Marshall Decl. ¶ 9.)  For example, while the terms of the following design patents have since expired, Mad Catz was the assigned holder of the following design patents dating back to 1995:

   

| USD380,783 | USD410,914 | USD415,752 | USD425,047 |
| (filed 1995) | (filed 1998) | (filed 1998) | (filed 1999) |

(*See id*. at ¶¶ 5-9, Exs. D-G.)  In December 2015, Mad Catz announced a new generation of innovative video game controllers intended for arcade-style fighting video games.  (*Id*. at ¶ 9.)  One of the controllers announced by Mad Catz at that time was the "FightPad Pro."  (*Id*.)

Shortly thereafter, on March 11, 2016, Plaintiff filed its Complaint alleging that Mad Catz' FightPad Pro (hereinafter, the "Accused Product") willfully infringes the Claimed Design of the 'D078 Patent.  (Complaint ¶¶ 10 n.1, 11.)[2]  Plaintiff's sole allegation of infringement is the conclusory assertion that the Accused Product "has an overall appearance that is confusingly similar and substantially the same, in view of the prior art and in the eyes of the ordinary observer, as PDP's Fight Pad for Xbox One controller (and the designs claimed in the 'D078 Patent)."  (*Id*. ¶ 11.)  Yet, and as shown below, the Complaint simply includes just one drawing — Figure 2 of the 'D078 Patent — and places it, side-by-side with four identical (except for the image sizes and colors) photographs of the Accused Product.  (*Id*.)

---

[2] Plaintiff alleges (based on "information and belief") that Mad Catz' purported acts of infringement were "willful."  (Complaint ¶ 16.)  Plaintiff provides no supporting facts to demonstrate that Mad Catz had any advance knowledge of the 'D078 Patent.

Claimed Design (Figure 2)                    Accused Product

                         

(Complaint ¶ 11.)  The Complaint does not actually allege any purported factual similarities between the Accused Product and the Claimed Design.  Further, while mentioned, the Complaint does not include an image of Plaintiff's "Fight Pad for Xbox One controller," which is shown here with another image of the Accused Product:

PDP's Fight Pad for Xbox One                 Accused Product

                         

(*Compare* Marshall Decl. ¶ 3, Ex. B *with id*. ¶ 4, Ex. C.)

## III.   ARGUMENT

### A.   Governing Principles Of Law

#### 1.   Failure To State A Claim Upon Which Relief Can Be Granted

To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim ***showing the pleader is entitled to relief***."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

1    U.S. 544, 570 (2007)).  This "plausibility requirement" requires the allegations in the

2    complaint to "be enough to raise a right to relief above the speculative level."

3    *Twombly*, 550 U.S. at 555.  The plaintiff must plead "factual content that allows the

4    court to draw the reasonable inference that the defendant is liable for the misconduct

5    alleged." *Iqbal*, 556 U.S. at 678.  Thus, "where the well-pleaded facts do not permit

6    the court to infer more than the mere possibility of misconduct, the complaint has

7    alleged — but it has not show[n] — that the pleader is entitled to relief." *Id.* (internal

8    citation omitted).  Determining whether a complaint states a plausible claim for relief

9    is "a context-specific task that requires the reviewing court to draw on its judicial

10   experience and common sense." *Id.* at 679.

11        Generally, in evaluating a motion for failure to state a claim upon which relief

12   can be granted, "[a]ll allegations of material fact are taken as true and construed in the

13   light most favorable to the nonmoving party." *Spreewell v. Golden State Warriors*,

14   266 F.3d 979, 988 (9th Cir. 2001).  A "court need not, however, accept as true

15   allegations that contradict matters properly subject to judicial notice or by exhibit." *Id.*

16   "Nor is the court required to accept as true allegations that are merely conclusory,

17   unwarranted deductions of fact, or unreasonable inferences." *Id.*; *see also*, *Doe I v.*

18   *Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (courts "need not accept

19   Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss"); *Iqbal*, 556 U.S.

20   at 678-679 (modern pleading standard "does not unlock the doors of discovery for a

21   plaintiff armed with nothing more than conclusions").

22        Furthermore, while a motion under Rule 12(b)(6) generally is limited to the

23   pleadings, a court may rely on documents outside the pleadings if they are subject to

24   judicial notice, or if they are integral to the plaintiff's claims and their authenticity is

25   not disputed.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), *superseded*

26   *by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*,

27   443 F.3d 676, 681 (9th Cir. 2006); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir.

28

2007).  The Ninth Circuit has explained that such an extension comes from the policy concern underlying this rule:  Preventing plaintiffs from surviving a Rule 12(b)(6) motion by omitting references to documents upon which their claims are based. *Swartz*, 476 F.3d at 763; *see also Anderson v. Kimberly-Clark Corp.*, C12-1979RAJ, 2013 WL 9760040, at *1-*2 (W.D. Wash. Sept. 25, 2013) *aff'd,* 570 Fed. Appx. 927 (Fed. Cir. 2014) and *cert. denied*, 136 S. Ct. 142 (2015) (photographs of accused products considered on motion to dismiss patent claim as they are central to plaintiffs' allegations); *Parker v. Kimberly-Clark Corp.*, 11 C 5658, 2012 WL 74855 at *1 (N.D. Ill. Jan. 10, 2012) (same); *Pepitone v. Am. Standard, Inc.*, 983 F.2d 1087 (Fed. Cir. 1992) (taking judicial notice of prior art to dismiss design patent infringement claim); *Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 n. 27 (Fed. Cir. 1993) (court may consider prior patents because patents are amenable to judicial notice).

## 2.    Pleading Design Patent Infringement

A design patent contains only a single claim, and that claim is to the ornamental (non-functional) design of the specified article "as shown."  *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995).[3]  Because a design patent is defined by its drawings, the scope of a design patent is very narrow.  *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988) ("[d]esign patents have almost no scope" and are "limited to what is shown in the application drawings").  Design patent infringement is determined under the "ordinary observer test."  *Crocs, Inc. v. Intl. Trade Commn*., 598 F.3d 1294, 1303 (Fed. Cir. 2010).  That is, a design patent is infringed only if the two designs in question are "substantially the same," *i.e.*, an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design.  *Id*. (citing *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 678

---

[3] The claimed portion of the drawings is shown by the use of solid lines, while those portions unclaimed, and specifically disclaimed, are shown by the use of broken lines.  *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 11-CV-01846-LHK, 2012 WL 3071477, at *4 (N.D. Cal. July 27, 2012).

(Fed. Cir. 2008) (en banc)).  In evaluating infringement, the appearance of a design as a whole is controlling:  "There can be no infringement based on the similarity of specific features if the overall appearance of the designs are dissimilar." *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997).

"The proper comparison requires a side-by-side view comparison of the drawings of the [asserted design patent] and the accused products." *Crocs, Inc.*, 598 F.3d at 1304.  The Federal Circuit has recognized that, in some instances, "the claimed design and the accused design will be sufficiently distinct that it will be [clear] without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer." *Egyptian Goddess*, 543 F.3d at 678. However, "when the claimed and accused designs are not plainly dissimilar, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art." *Id.*; *see also Great Neck Saw Mfrs., Inc. v. Star Asia, U.S.A., LLC*, 727 F. Supp. 2d 1038, 1051 (W.D. Wash. 2010).  "[D]ifferences between the claimed and accused designs that might not be noticeable in the abstract can become significant to the hypothetical ordinary observer who is conversant with the prior art." *Egyptian Goddess*, 543 F.3d at 678; *see also Great Neck Saw Mfrs., Inc.*, 727 F. Supp. 2d at 1051.

Thus, if the overall appearance of the accused product and patented design are "plainly dissimilar," the prior art need not be considered.  *Great Neck Saw Mfrs., Inc.*, 727 F. Supp. 2d at 1051-52.  If the designs are not plainly dissimilar, then the prior art must be analyzed to determine whether the designs are so similar that an ordinary observer familiar with the prior art would be deceived into believing that the accused product is the same as the patented design. *Egyptian Goddess*, 543 F.3d at 678.

### 3. Design Patent Infringement Claims Routinely Are Dismissed At The Pleading Stage

As noted above, the infringement analysis involves a side-by-side study of the patented design and the appearance of the accused products. *Great Neck Saw Mfrs., Inc.*, 727 F. Supp. 2d at 1051 (citing *Crocs,* 598 F.3d at 1304).[4]  Because such a comparison can be made solely on evidence that is central to a plaintiff's claim, district courts routinely dismiss design patent infringement claims at the pleading stage.[5]  *See e.g.*, *SCG Characters LLC v. Telebrands Corp.*, CV-15-00374 DDP (AGRx), 2015 WL 4624200, at *6 (C.D. Cal. Aug. 3, 2015) ("the Court may consider the patents and the images of the accused products without converting the motion to dismiss into one for summary judgment."); *Anderson v. Kimberly-Clark Corp.*, 570 Fed. Appx. 927, 931-934 (Fed. Cir. 2014) (district court "properly concluded that 'plain differences' exist between the accused products and the patented design") (applying motion to dismiss test and applying Ninth Circuit law); *Colida v. Nokia, Inc.*, No. 2009-1326, 2009 WL 3172724, at *2 (Fed. Cir. Oct. 6, 2009) (dismissing design patent infringement claims because "dissimilarities far exceed the similarities").

---

[4] It is irrelevant that 'D078 Patent and the Accused Product are both game controllers, as many courts have found the same products to be plainly dissimilar. *See, e.g., Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997 (N.D. Ill. 2010) (calculators with bubble shaped keys "plainly dissimilar"); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312 (Fed. Cir. 2015) (finding "hand-held surgical devices with open trigger handles" dissimilar); *Anderson v. Kimberly-Clark Corp.*, 570 Fed. Appx. 927 (design for underwear dissimilar from accused underwear).

[5] Plaintiff alleges, on information and belief and without fact, that Mad Catz' purported infringement was "willful." (Complaint ¶ 16.)  California federal courts hold that a plaintiff must plead pre-suit knowledge to plead willfulness.  *See Robert Bosch Healthcare Sys., Inc. v. Express MD Sols., LLC*, C 12-00068 JW, 2012 WL 2803617, at *3 (N.D. Cal. July 10, 2012) (plaintiff "failed to make out even the 'barest factual assertion' that Defendant knew of the patents-in-suit, but instead has made a mere allegation, without more, that Defendant had actual knowledge of those patents"); *see also MyMedicalRecords, Inc. v. Jardogs, LLC*, 1 F. Supp. 3d 1020, 1025-27 (C.D. Cal. 2014); *Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l.*, 957 F. Supp. 2d 1189, 1196-97 (S.D. Cal. 2013); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11-04049 JW, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012). Plaintiff's claim for willful infringement may be dismissed on this ground alone.

8

### B.   Plaintiff's Complaint Should Be Dismissed For Failure To State A Plausible Claim For Design Patent Infringement

#### 1.   The Accused Product Is Dissimilar From the Claimed Design

A simple side-by-side view comparison demonstrates that Plaintiff simply cannot meet its threshold burden of establishing that the Accused Product and the Claimed Design are "substantially similar." *Egyptian Goddess,* 543 F.3d at 678; *Great Neck Saw Mfrs., Inc.*, 727 F. Supp. 2d at 1051.   To the contrary, the Accused Product is "plainly dissimilar" from the patented design, and no ordinary observer familiar with the prior art would be deceived into believing that the Accused Product is the same.

To demonstrate this dissimilarity, below is a side-by-side comparison view of all seven of the drawings of the 'D078 Patent and photographic images of the Accused Product pictured in angles and from viewpoints corresponding to each of the angles and viewpoints of the seven drawings of the 'D078 Patent.

| **Claimed Design** | **Accused Product** |
| --- | --- |
|  |  |
|  |  |



FIG. 3

FIG. 4        FIG. 5

FIG. 6

FIG. 7

(*Compare* Marshall Decl., ¶ 2, Ex. A *with* ¶ 4, Ex. C.)  As shown above, the Accused Product looks nothing like the Claimed Design and the side-by-side comparison reveals many easily discernable differences or dissimilarities between the Claimed Design of the 'D078 Patent and the Accused Product.  Indeed, as described in the following chart (and as shown in the pictorial comparison of the Introduction section,

*supra*), the Accused Product lacks the most prominent ornamental features of the Claimed Design and does not even remotely resemble the design of the 'D078 Patent.

| **Claimed Design** | **Accused Product** |
|---|---|
| **Top Side** ||
| • Starting from its outside lines, the top side of the Claimed Design inclines upward until a point, and then it curves inward to form an indentation similar to the bottom line. | • The top side of the Accused Product follows a straight, undeviating path across the top of the body — no indentation or angles are present on the top side. |
| **Left & Right Sides** ||
| • The left and right sides of the body of the Claimed Design are gently curved or rounded in a uniform fashion. | • The left and right sides of the body of the Accused Product come to a point in the middle, with the upper portion of each side taking an outward path at a greater angle then the lower portions. |
| **Left & Right Handgrips** ||
| • The handgrips of the Claimed Design both extend from the body, but the right handgrip extension is not nearly as pronounced as the left handgrip extension.  The right handgrip appears to be roughly less than half as long as the left handgrip. Indeed, the right handgrip is close to flush with the bottom line of the body of the Claimed Design. | • The extension of the right handgrip from the main portion of the body of the Accused Product is much more pronounced than in the Claimed Design.  Indeed, the user could grasp in a fist and hold the Accused Product by this extension alone, while the Claimed Design does not protrude enough from the body to grasp. |
| • Both the left and right handgrips of the Claimed Device come to a rounded, egg-shaped curved arc— nearly semi-circular in nature. | • The left and right handgrips of the Accused Product are straight with edges and right angles and square-like features. |
| • The underneath portion of the left and right handgrips are bulbous. | • The underneath portion of the left and right handgrips are flat. |
| • The inner portions of both handgrips are curved and rounded. | • The inner portions of both handgrips are flat. |
| **Body** ||
| • The face surface of the Claimed Design is flat, level, and uniform. | • Starting at the handgrips, the face of the Accused Device slopes or |

11

| | declines dramatically from the center and upper portions. |
|---|---|
| That is, the upper portion of the face of the Claimed Design and the lower portion are on the same plane.<br>• As the top side and bottom side of the Claimed Design indent inward, giving body the body an hour-glass, narrowing aspect to its center not found in the Accused Device. | |
| **Bottom Side** ||
| • The bottom line of the Claimed Design is arched and curves gently from the left handgrip to the right. | • The bottom line of the Accused Product Design does not curve gently, but deviates by sharp angle and then continues straight across, in a flat line, from the left handgrip to the right until it again deviates by sharp angle. |
| **Underneath** ||
| • The underneath portion of the Claimed Design is a flat, smooth uniform surface without indentation, angles, reliefs, bulges, protusions, extensions, or different segments. | • The underneath portion of the Accused Product has ridges, protrusions, angles, and reliefs. |

(*Compare* Marshall Decl., ¶ 2, Ex. A *with* ¶ 4, Ex. C.)  In short, an ordinary observer would immediately notice that the *overall appearance* of the Accused Product is "plainly dissimilar" from the Claimed Design illustrated in the 'D078 Patent.  In view of these significant differences, it is clear, without more, that Plaintiff has not met, and cannot meet, its burden of proving that the designs would appear substantially similar to an ordinary observer.  Thus, there can be no infringement.  *Egyptian Goddess,* 543 F.3d at 678.  The Court is not required to accept Plaintiff's conclusory allegations of infringement as true, and because Plaintiff has not stated a *plausible* claim for relief, the Complaint should be dismissed.

### 2.   Prior Art Highlights The Dissimilarity Between The Accused Product And The Claimed Design

As the overall appearance of the Accused Product is "plainly dissimilar" from the Claimed Design, the prior art need not be considered.  *Great Neck Saw Mfrs., Inc.,* 727 F. Supp. 2d at 1051-52.  However, an analysis of the prior art only further serves

12

to demonstrate that an ordinary observer familiar with such prior art would not be deceived into believing that the Accused Product is the same as the patented design.

Not surprisingly, there are numerous prior art references disclosing various designs for video game controllers.  And, the differences between the appearance of the Accused Product and the Claimed Design are even more apparent when this prior art is considered.  As noted above, Mad Catz itself was the assigned holder of the following design patents dating back to 1995:

  

| USD380,783S | USD410,914 | USD415,752 | USD425,047 |
| (filed 1995) | (filed 1998) | (filed 1998) | (filed 1999) |

(*See* Marshall Decl. at ¶¶ 5-9, Exs. D-G)  Neither the 'D078 Patent nor the Complaint cites as prior art any of the design patents held by Mad Catz, even though those design patents were issued as many as 13 years before filing the application for the 'D078 Patent.  (*Id.*)  The 'D078 Patent does, however, cite some prior art, which Plaintiff does not mention in its Complaint, but which is relevant for the present Motion. Included in that prior art are the following design patents:

  

| USD435,551 | USD471,552 | USD585,931 |

(Marshall Decl. ¶¶ 10-12, Exs. H-J.)

An ordinary observer familiar with the above-identified prior art would never be deceived into believing that the appearance of the Accused Product is the same as the Claimed Design.  Rather, an observer would recognize that the appearance of Accused Product is more similar to the designs disclosed in prior patents and products.  Under

13

1   these circumstances, the Accused Product cannot infringe the 'D078 Patent. *See*

2   *Egyptian Goddess*, 543 F.3d at 682 (no infringement where accused design more

3   similar to prior art than to patented design); *Seirus Innovative Accessories, Inc. v.*

4   *Cabela's, Inc.*, 827 F. Supp. 2d 1150, 1156 (S.D. Cal. 2011) (in light of similarities

5   between prior art and accused product, no reasonable fact-finder could conclude that

6   an ordinary observer would believe accused product was same as patented design).

7        In sum, Plaintiff's Complaint contains only a single, unsupported, conclusory

8   allegation of infringement.  That allegation need not be accepted as true on this

9   Motion.  The documents available to the Court on this Motion conclusively

10  demonstrate that Plaintiff cannot state a plausible claim for design patent infringement,

11  given the obvious dissimilarity between the patented design and the Accused Products

12  and the prior art.  Mad Catz should not be forced to incur the costs associated with

13  litigating a meritless case brought by a Plaintiff seeking an unwarranted financial

14  windfall.  *Iqbal*, 556 U.S. at 678-679 (conclusory pleading "does not unlock the doors

15  of discovery").  Accordingly, Plaintiff's claim for design patent infringement should be

16  dismissed.

17       **C.**    **Plaintiff Should Not Be Given Leave to Amend**

18       Plaintiff should not be given leave to amend the Complaint because it is

19  impossible for it to state facts to correct the above referenced deficiencies in its

20  infringement claim.  In other words, no set of facts will make the Accused Product

21  substantially similar to the Claimed Design.  Amending the Complaint here would be

22  futile.  District courts have discretion to dismiss pleadings with prejudice in such

23  circumstances. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir.

24  2008).

25  **IV.**  **CONCLUSION**

26       For the foregoing reasons, Plaintiff has not and cannot plead any fact supporting

27  a prima facie infringement claim of the 'D078 Patent against Mad Catz.  Amendment

28

would be futile, as a quick visual inspection of the asserted design patent and Accused Product shows non-infringement that cannot be cured.  Therefore, the Court should dismiss the Complaint with prejudice

DATED: May 4, 2016                    Respectfully Submitted,


                                       MAD CATZ, INC.

                                       By: s/ Tyson E. Marshall

                                       Attorney for Defendant
                                       MAD CATZ, INC.
                                       E-mail: tmarshall@madcatz.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 4, 2016, a true and correct copy of the foregoing was transmitted electronically to the Electronic Filing System of the United States District Court for the Southern District of California which, under Local Civil Rules 5.2 and 5.4(b) & (c), is believed to have sent notice of such filing, constituting service of the filed document, on all Filing Users, all of whom are believed to have consented to electronic service.

Executed on May 4, 2016, at San Diego, California.


s/Tyson E. Marshall

Certificate of Service